IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIRST FEDERAL BANK OF CALIFORNIA,

    Plaintiff,                        No. CIV S-08-1801 MCE GGH PS

    vs.

JOHN NATIVIDAD, et al.,          FINDINGS &

    Defendants.                RECOMMENDATIONS

/

        Defendants John and Florence Natividad, proceeding pro se, filed on August 4, 2008, a Notice of Removal of an unlawful detainer action filed against them in state court. On August 5, 2008, they filed an "amended petition for removal" due to plaintiff having filed a new complaint against them in state court. Also filed by defendants on August 5, 2008 is a motion to dismiss, to which plaintiff (First Federal) filed an opposition. These matters were heard on the court's September 4, 2008 law and motion calendar. Defendants appeared pro se. Earl Wallace appeared for plaintiff. After reviewing the filings and hearing oral argument, the court now issues the following findings and recommendations.[1]

\\\\\

---

[1] The case has been referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

1

BACKGROUND

Defendants were sued in state court in an unlawful detainer action for their refusal to quit and deliver possession of residential real property purchased by plaintiff at a foreclosure sale. In response, defendants petitioners have filed the instant amended petition for removal, alleging new claims, including fraud because plaintiff sold the note and does not have standing here, under 15 U.S.C. § 1611 et seq., 26 U.S.C. § 2605 et seq., 15 U.S.C. § 1602 et seq., and 15 U.S.C. § 1692; civil rights violations in the foreclosure proceedings including substantive and procedural due process under 42 U.S.C. § 1983; and unconstitutional application of Cal. Civ. Code § 2924. Defendants state that they have a complaint against First Federal in state court for fraud. Defendants assert federal question jurisdiction, and seek removal based on the aforementioned grounds.

The motion to dismiss, as amended on August 5, 2008, asserts that the complaint fails to state a cause of action, is uncertain, ambiguous, and unintelligible in that the deed and note fails to state the name of the plaintiff and there is no explanation of how plaintiff obtained the deed and note, and there is no indication of an underlying contract upon which the note and deed are based. Defendants also assert that plaintiff has failed to establish proper service of the notice to vacate.

DISCUSSION

I. Removal

Defendants bring their petition for removal on the grounds that the complaint does not address their claims of fraud by plaintiff in bringing the unlawful detainer action, civil rights violations in the foreclosure proceedings, and unconstitutional application of Cal. Civ. Code § 2924. Plaintiff contends that removal jurisdiction does not exist because the action could not have been filed in federal court as there is no diversity or federal question jurisdiction, and a counterclaim may not serve as a basis for "arising under" jurisdiction. Plaintiff requests remand to state court.

A district court has an independent duty to examine its own jurisdiction and remand a removed action "since removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment ...." Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229, 110 S. Ct. 596, 606-07 (1990); Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

Defendants invoke the court's jurisdiction under 28 U.S.C. §§ 1331 and 1343, among other statutes. A plaintiff may bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331. In that situation, the court has original jurisdiction. A defendant cannot invoke the federal court's original jurisdiction. But he may in some instances invoke the court's removal jurisdiction. The requirements to invoke removal jurisdiction are often identical to those for invoking its original jurisdiction. The requirements for both relate to the same end, that is, federal jurisdiction.

Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal

1 law is insufficient to permit removal.  See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,
2 93 (3d Cir. 1992).  A defense to an action, based on constitutional rules of general applicability,
3 is not a sufficient basis to remove an action to federal court.  See id.; Berg v. Leason, 32 F.3d
4 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one
5 based on federal preemption   . . . renders an action brought in state court removable.").
6 Defendants have not shown that they are unable to raise their federal constitutional rights in state
7 court.

8       This court has no jurisdiction over unlawful detainer actions which are strictly
9 within the province of state court.  Defendants' apparent attempt at creating federal subject
10 matter jurisdiction by simply adding claims and defenses to a petition for removal will not
11 succeed.  See Catee v. Capital One, F.S.B. 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously
12 asserted counterclaims raising federal issue will not permit removal).

13       Accordingly, the court finds that remand is appropriate because the case is not one
14 which arises under federal law.  Pursuant to 28 U.S.C. § 1447(c), where it appears the court lacks
15 subject matter jurisdiction, the court shall make an order for remand.  The petition for removal
16 and the state court record filed in this case demonstrate that the underlying proceedings are not
17 removable to this court.  Based on this finding, defendants' motion to dismiss will not be
18 addressed.

19 CONCLUSION

20       IT IS HEREBY RECOMMENDED that:

21     1. The state action be summarily remanded to the Sacramento County Superior
22 Court;

23     2. The Clerk serve a certified copy of this order to the clerk of the Sacramento
24 County Superior Court, and reference the state case number (08UD08149) in the proof of
25 service; and

26     3. The Clerk be directed to close this case.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
3  (10) days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten (10) days after service of the objections.  The parties are
7  advised that failure to file objections within the specified time may waive the right to appeal the
8  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: 09/05/08

/s/ Gregory G. Hollows

GREGORY G.  HOLLOWS
UNITED STATES MAGISTRATE JUDGE

12  GGH/076
FirstFederal1801.mtd.wpd